**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE: Courtney Rochelle McGilberry BANKRUPTCY NO. 26-51311-KMS

# OBJECTION TO CONFIRMATION

Action Financial Services, Inc. ("Action Financial") objects to confirmation of the Debtor's proposed Chapter 13 plan of reorganization and in support thereof would show as follows:

1. On August 12, 2026 (the "Filing Date"), Courtney Rochelle McGilberry ("Debtor") filed a petition for bankruptcy pursuant to Chapter 13 of the United States Bankruptcy Code. Action Financial is the holder of secured and/or unsecured claims against Debtor.

2. This Court has jurisdiction of this matter pursuant to 28 U.S.C.§§ 157 and 1334 and 11 U.S.C.§§ 105 and 1325. This is a core proceeding pursuant to 28 U.S.C.§ 157 (b) (2) (A) and (L).

3. On March 4, 2026, Debtor executed a Disclosure Statement, Promissory Note and Security Agreement (the "March Note") in favor of Action Financial. As of the Filing Date, Debtor was indebted to Action Financial under the March Note in the amount of $1,188.53, plus interest accruing thereafter, late fees, attorney's fees, and other expenses.

4. To secure the indebtedness owed under the March Note, Debtor pledged a 2001 GMC Jimmy SLE, VIN 1GKCS13W012189384 (the "Vehicle"). A copy of the Certificate of Title evidencing Action Financial's lien against the Vehicle is attached hereto as Exhibit "A" and incorporated herein by reference.

5. On April 8, 2026, Debtor executed a Disclosure Statement, Promissory Note and Security Agreement (the "April Note") in favor of Action Financial. As of the Filing Date, Debtor was indebted to Action Financial under the April Note in the amount of $1,188.53, plus interest accruing thereafter, late fees, attorney's fees, and other expenses.

6. The Vehicle also secures the indebtedness owed under the April Note. Accordingly, the Vehicle serves as collateral for both the March Note and the April Note.

7. Debtor's Chapter 13 Plan (Docket No. 2) proposes to pay Action Financial $500.00 on each secured claim but incorrectly identifies the collateral as household goods. According to the August 2026 NADA Used Car Report, the value of the Vehicle is $2,430.00.

8. Because the Vehicle secures both the March Note and the April Note, its value should be allocated between the two secured claims in proportion to the outstanding indebtedness owed under each Note. Debtor's Plan fails to provide for payment of Action Financial's secured claims based upon the value of its collateral.

9. Pursuant to U.S.C. § 1325 (a)(5)(C), should Debtor elect to abandon Debtor's interest in the Vehicle, Action Financial requests that Debtor be directed to surrender the Collateral securing its claim to Action Financial.

10. And for other grounds to be shown at a hearing hereon.

WHEREFORE, PREMISES CONSIDERED, Action Financial Services, Inc. requests that this Court determine the value of its collateral, deny confirmation of Debtor's proposed plan of reorganization and grant such other relief as is necessary under the circumstances.

Dated: September 14, 2026.

Respectfully submitted,
Action Financial Services, Inc.

BY: /s/ John S. Simpson
John S. Simpson
Its Attorney

John S. Simpson MSB No. 8525
Simpson Law Firm PA
Attorney for Action Financial Services, Inc.
P.O. Box 2058
Madison, MS 39130-2058
(601) 957-6600
jsimpson@simpsonlawfirm.net

**CERTIFICATE OF SERVICE**

I certify that copies of the foregoing documents were served upon the following:

Thomas Carl Rollins, Jr., MSB No. 103469
Attorney for Debtor
The Rollins Law Firm P.O. Box 13767
Jackson, MS 39236
(601)500-5533
trollins@therollinsfirm.com

David Rawlings, Chapter 13 Trustee
P.O. Box 566
Hattiesburg, MS 39403
(601)582-5011
drawlings@rawlings13.net

United States Trustee
501 E. Court St., Ste. 6-430
Jackson, MS 39201
(601) 965-5241
USTPRegion05.JA.ECF@usdoj.gov

by electronic notice, on September 14, 2026.

/s/ John S. Simpson
John S. Simpson

67703